IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| STEVEN LORD and ARMANDO REYES, On Behalf of Themselves and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 7:15-cv-22 |
| SIDEWINDER DRILLING, INC. | § § | JURY TRIAL DEMANDED |
| Defendant. | § § | CLASS ACTION |

## PLAINTIFFS' ORIGINAL CLASS ACTION COMPLAINT

Plaintiffs, STEVEN LORD ("Lord") and ARMANDO REYES ("Reyes") (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated affected employees, file this Complaint against SIDEWINDER DRILLING, INC. ("Sidewinder" or "Defendant"), showing in support as follows:

### I.     NATURE OF THE CASE

1.     This is a civil action brought by Plaintiffs pursuant to the Worker Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et seq.*, (the "WARN Act") for Defendant's failure to give the required WARN Act written notice to Plaintiffs and similarly situated individuals (the "Class Members") in connection with a recent Mass Layoff and/or Plant Closing at Defendant's Midland, Texas single site of employment/operational units within that single site of employment.

2.     Accordingly, Defendant is liable under the WARN Act for failing to provide Plaintiffs and the Class Members written notice, including 60 days' advance written notice, as required by the WARN Act.

## II.     THE PARTIES, JURISDICTION AND VENUE

### A.     Plaintiff Steven Lord

3.     Lord is a natural person who resides in Harris County, Texas. He has standing to file this lawsuit.

4.     Lord was employed by Defendant at./from/through Defendant's yard located at or near 9105 East County Road, Midland, Texas (the "Midland Yard").

5.     Lord's employment with Defendant was verbally terminated without any advance written warning on or about December 27, 2014. At that time, Lord had been a full-time employee of Defendant for approximately 10 months out of the preceding 12 month period.

### B.     Plaintiff Armando Reyes

6.     Reyes is a natural person who resides in Bexar County, Texas. He has standing to file this lawsuit.

7.     Reyes was employed by Defendant at./from/through Defendant's Midland Yard.

8.     Reyes' employment with Defendant was verbally terminated without any advance written warning on or about December 29, 2014. At that time, Reyes had been a full-time employee of Defendant for approximately nine months out of the preceding 12 month period.

### C.     Class Members

9.     The Class Members are affected employees who are similarly situated to Plaintiffs, and who were or may reasonably be expected to experience an employment loss as a consequence of Defendant's Mass Layoff at its single site of employment in Midland Yard in the 30 day or 90 day period from December 27, 2014.

10.     Alternatively, the Class Members are affected employees who are similarly situated to Plaintiffs, and who experienced an employment loss as a consequence of Defendant's

Plant Closing at Defendant's single site of employment/operational units at the Midland Yard in the 30 day or 90 day period from December 27, 2014.

### D. Sidewinder Drilling, Inc.

11. Defendant is a foreign for profit corporation organized under the laws of the State of Delaware.

12. During all times relevant to this lawsuit, Defendant has done business in the State of Texas.

13. Defendant maintains/maintained multiple district offices/yards in Texas from which drilling rig workers, support personnel, supplies and equipment are based and dispatched on a variety of work projects, including oil and/or gas exploration and production projects. Those district offices/yards include/included locations in Midland, Texas, Abilene, Texas and other locations.

14. At all times relevant, Defendant's principal place of business is and has been at 952 Echo Lane, Suite 460, Houston, Harris County, Texas, 77024.

15. Defendant may be served with summons through its registered agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701.

### E. Jurisdiction and Venue

16. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

17. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

18. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims, and the claims of the class members, on federal law, namely 29 U.S.C. §§ 2101-2109.

19. Venue is proper in the United States District Court for the Western District of Texas because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district. Moreover, pursuant to the WARN Act's venue provision, venue is proper in this District because, at all relevant times, Defendant transacts/transacted business in this District. 29 U.S.C. § 2104(a)(5).

20. Venue is proper in the Midland Division of the United States District Court for the Western District of Texas because, as previously identified, Defendant maintains/maintained business operations within the Midland Division and a substantial part of the events giving rise to the claims in this lawsuit occurred in the Midland Division.

### III. FACTUAL BACKGROUND

21. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

22. On information and belief, and at all material times, Defendant is and has been a business enterprise that employs 100 or more employees, excluding part-time employees and employees who have worked less than 6 months in the 12 month period preceding the first date that WARN Act notice was required to be given at each single site of employment made the basis of this lawsuit.

23. Employees, drilling rigs, vehicles, equipment and supplies of Defendant were based at Defendant's district offices/yards, including its district offices/yard at the Midland Yard. From those district offices/yards, employees of Defendant primarily provided drilling operations/support of drilling operations in connection with oil and/or gas exploration/production

in the general geographic vicinity around the relevant district office/yard. For example, employees, drilling rigs, vehicles, equipment and supplies of Defendant at the Midland Yard provided oilfield services in and around Midland County, Texas, primarily in a play known as the Permian Basin.

24. Plaintiffs worked with numerous other employees of Defendant who were assigned to/worked out of the Midland Yard. Those employees performed drilling operations/support of drilling operations, primarily in oil and/or gas exploration/production in the Permian Basin. Like Plaintiffs, those workers were subject to Defendant's Mass Layoff and/or Plant Closing made the subject matter of this lawsuit at Midland Yard.

25. Defendant's Midland Yard is/was a single site of employment under the WARN Act.

26. Defendant operated numerous drilling rigs at/from/through the Midland Yard. Each drilling rig consisted of multiple crews that worked various shifts. Such a typical drilling rig included, during a seven day or 14 day hitch or work rotation, two tool pushers, two drillers, two derrick men, two motor men, and four to six floor hands that split daily operations into 12 hour shifts in a typical workday. During the subsequent hitch or work rotation, that crew would be replaced by another crew of similar structure and number with the only remaining employees typically being the tool pushers. So, a typical drilling rig of Defendant would have a crew of approximately 22 to 26 employees, exclusive of support personnel such as mechanics and administrative support.

27. Each such drilling rig constitutes/constituted an operational unit of the Midland Yard. On information and belief, Defendant operated approximately 15 drilling rigs at/from/through the Midland Yard 30 and/or 90 days prior to December 27, 2015.

28. Lord was verbally notified by Defendant on or about December 27, 2014 that his employment with Defendant was terminated. Lord was not discharged for cause, did not voluntarily resign, and did not retire.

29. Reyes was verbally notified by Defendant on or about December 29, 2014 that his employment with Defendant was terminated. Reyes was not discharged for cause, did not voluntarily resign, and did not retire.

30. On and around the time of their verbal terminations, Plaintiffs learned that numerous other similarly situated employees who were assigned to/worked out of Defendant's Midland Yard suffered an employment loss. In fact, around the time of Plaintiffs' terminations, Defendant began the process of "stacking rigs" whereby drilling rigs are removed from operational work and stored with their crews typically being terminated as employees or otherwise experiencing an employment loss.

31. On information and belief, the Midland Yard employment losses made the subject matter of this lawsuit occurred within a 30 day period of December 27, 2014. Alternatively, and on information and belief, those employment losses occurred within a 90 day period of December 27, 2014, such employment losses not being the result of separate and distinct actions and causes.

32. On information and belief, 50 or more employees totaling 1/3 or more of the workforce assigned to/working out of the Midland Yard experienced employment losses during the relevant time period. On information and belief, said employment losses were not bona fide discharges for cause, voluntary departures, or retirements. On information and belief, 50 or more of those affected employees totaling 1/3 or more of the workforce assigned to/working out of the

Midland Yard had been full-time employees of Defendant for six or more months in the 12 month period preceding the date WARN Act notice was due.

33. On information and belief, 50 or more employees who were members of Defendant's drilling rig crews working at/from/through the Midland Yard experienced employment losses within a 30 day or 90 day period from December 27, 2014.

34. On information and belief, there has been an effective cessation of the drilling operations performed from/through the Midland Yard within a 30 day or 90 day period from December 27, 2014.

35. The exact number of employees who experienced an employment loss at the Midland Yard within a 30 day and 90 day period of Lord's employment loss is information that is only known to Defendant. Similarly, the exact number of employees employed at/from/through that district office/yard is information that is currently known only to Defendant.

36. Plaintiffs and the Class Members were not provided with 60 days' advance written notice by Defendant of their employment loss, Mass Layoff and/or Plant Closing.

37. Plaintiffs and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

38. Plaintiffs and the Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their employment loss: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

### IV. WARN ACT CLAIMS

39. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

40. At material times, Plaintiffs and the Class Members were "full-time employees" of Defendant as that term is used in the Warn Act.

41. At all material times, Defendant was and is an employer under the WARN Act. 29 C.F.R. § 639.3(a).

42. At material times, Defendant employed 100 or more employees, excluding part-time employees.

43. Defendant's Midland Yard constitutes/constituted a single site of employment for Plaintiffs and the Class Members. 29 C.F.R. § 639.3(i).

44. Each drilling rig operating at/from/through Defendant's Midland Yard constitutes/constituted an operational unit within that single site of employment of Defendant. 29 C.F.R. § 639.3(j).

45. Plaintiffs maintain this action on behalf of themselves and on behalf of each other similarly situated employee.

46. Each Class Member is similarly situated to Plaintiffs with respect to his or her rights under the WARN Act. 29 U.S.C. § 2104(a)(5).

#### A. Mass Layoff

47. During a 30-day or 90 day period from Lord's employment loss on or about December 27, 2014, Defendant ordered/executed a "Mass Layoff" at the Midland Yard single site of employment as that term is defined by the WARN Act. 29 C.F.R. §§ 639.3(c) & 639.5(a)(1).

48. Plaintiffs and the Class Members suffered an employment loss in connection with Defendant's "Mass Layoff" made the subject matter of this lawsuit. 29 C.F.R. § 639.3(f).

49. 1/3 of the employees at the Midland Yard single site of employment, totaling 50 or more, suffered an employment loss as a result of that Mass Layoff.

50. Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Mass Layoff. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiffs and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Midland Yard Mass Layoff made the subject matter of this lawsuit.

**B.     Plant Closing**

51. Pleading in the alternative, Plaintiffs and the Class Members suffered an employment loss in connection with Defendant's Midland Yard "Plant Closing" made the subject matter of this lawsuit within 30 days or 90 days of Lord's employment loss on or about December 27, 2014. 29 C.F.R. § 639.3(b) & (f).

52. Pleading in the alternative, with the number of drilling rigs stacked within 30 days or 90 days of Lord's employment loss on or about December 27, 2014, Plaintiffs and the Class Members suffered a "Plant Closing." 29 C.F.R. §§639.3(b) & 639.5(a). "Plant Closing" means the "permanent or temporary shutdown of a 'single site of employment', <u>or one or more 'facilities or operating units' within a single site of employment, if the shutdown results in an 'employment loss' during any 30-day period at the single site of employment for 50 or more employees</u>, excluding any part-time employees." 29 C.F.R. § 639.3(b) (emphasis added). Each

drilling rig operating at/from/through the Midland Yard was an operational unit of that single site of employment. 29 C.F.R. § 639.3(j).

53. Plaintiffs and the Class Members are aggrieved and affected employees under the WARN Act in connection with Defendant's Midland Yard Plant Closing. 29 U.S.C. § 2101(5); 29 C.F.R. § 639(e). Plaintiffs and the Class Members were employees of Defendant who did not receive the written notice required by 29 U.S.C. § 2102 and were reasonably expected by Defendant and/or should have been reasonably expected by Defendant to experience an employment loss as a result of Defendant's Midland Yard Plant Closing made the subject matter of this lawsuit.

### C. No Written Notice of Mass Layoff and/or Plant Closing

54. Plaintiffs and the Class Members were not provided with 60 calendar days' advance written notice by Defendant of their planned/upcoming employment loss, Mass Layoff and/or Plant Closing.

55. Plaintiffs and the Class Members were not provided with any written notice by Defendant prior to their employment loss, Mass Layoff and/or Plant Closing.

56. Plaintiffs and the Class Members were not provided with written notice, at any time, of each and every of the following items in connection with their employment loss, Mass Layoff and/or Plant Closing: (a) A statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect;  (b) The expected date when the plant closing or mass layoff will commence and the expected date when the individual employee will be separated; (c) An indication whether or not bumping rights exist; (d) The name and telephone number of a company official to contact for further information.

57. On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the Midland Yard Mass Layoff and/or Plant Closing made the subject matter of this lawsuit.

58. On information and belief, Defendant did not notify the Texas agency responsible for dislocated workers with the notice provisions required by 29 U.S.C. § 2102(a) and 29 C.F.R. § 639.7(e) in connection with the employment loss of Plaintiffs and the Class Members.

### D. Damages

59. As a result of Defendant's violations of the WARN Act, Plaintiffs and the Class Members have suffered damages. Plaintiffs and the Class Members seek all damages available to them in connection with the claims set forth in this lawsuit, including 60 days' wages and benefits as provided by the WARN Act. 29 U.S.C. § 2104.

### V.   CLASS ACTION ALLEGATIONS

60. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

61. Plaintiffs bring this action as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3) and the WARN Act 29 U.S.C. § 2104(a)(5).

62. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees. Plaintiffs seek to represent a Class initially defined as: "All of Defendant's employees working at/from/through its Midland, Texas district office/yard who experienced an employment loss during the 30 or 90 day period from December 27, 2014 without 60 days' advance written notice required by the WARN Act." Plaintiffs request the opportunity to expand, narrow or modify the class definition pursuant to a motion for class certification.

63. Plaintiffs and the Class Members are "affected employee(s)" subject to an "employment loss," as those terms are defined in the WARN Act at 29 U.S.C. § 2101(a)(5) and (6).

64. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

65. On information and belief, the Class Members exceed 110 in number, and joinder is therefore impracticable. The precise number of Class Members and their addresses are readily determinable from Defendant's records.

66. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

> a. Whether the provisions of the WARN Act apply;
>
> b. Whether Defendant's employees at the Midland, Texas district office/yard experienced an employment loss in connection with a "Mass Layoff" and/or "Plant Closing" under the WARN Act;
>
> c. Whether Defendant failed to provide the notices required by the WARN Act;
>
> d. Whether Defendant can avail itself of any provisions of the WARN Act permitting lesser periods of written notice; and
>
> e. The appropriate method to calculate damages under the WARN Act.

67. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the WARN Act claims.

68. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

69. Plaintiffs are affected former employees of Defendant who experienced employment losses during the relevant 30 day and 90 day "look ahead" and "look behind" periods of the WARN Act, 20 C.F.R. § 639.5, without the written notice required by the WARN Act. Plaintiffs are, therefore, members of the class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiffs are adequate representatives of the class and have the same interests as all of its members. Further, Plaintiffs' claims are typical of the claims of all members of the Class, and Plaintiffs will fairly and adequately protect the interests of the absent members of the class. Plaintiffs and their counsel do not have claims or interests that are adverse to the Class Members.

70. Furthermore, class action treatment of this lawsuit is authorized and appropriate under the WARN Act, 29 U.S.C. § 2104(a)(5), which provides that a plaintiff seeking to enforce liabilities under the Act may sue either on his or her behalf, for other persons similarly situated, or both.

## VI.   JURY DEMAND

71. Plaintiffs demand a jury trial.

## VII.     DAMAGES AND PRAYER

72.     Plaintiffs ask that the Court issue a summons for Defendant to appear and answer, and that Plaintiffs and the Class Members be awarded a judgment against Defendant or order(s) from the Court for the following:

    a.    An order certifying that this action may be maintained as a class action under Federal Rule of Civil Procedure 23;

    b.    Designation of Allen R. Vaught, Baron & Budd, P.C. as Class Counsel;

    c.    All damages allowed by the WARN Act, including back pay and benefits as provided by 20 U.S.C. § 2104;

    d.    Pre-judgment and post-judgment interest;

    e.    Costs;

    f.    Reasonable attorney's/attorneys' fees; and

    g.    All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully submitted,

By:    s/ Allen R. Vaught
Allen R. Vaught
Attorney-In-Charge
TX Bar No. 24004966
MS Bar No. 101695
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com

ATTORNEYS FOR PLAINTIFFS